### THE AMERICAN WHIP Co. *v.* THE HAMPDEN WHIP Co.

#### and others.

*(Circuit Court, D. Massachusetts.* February 2, 1880.)

INVENTION—WHIP TIP INDEPENDENT OF STOCK.—A whip tip, made independent of the stock, to which it may be fitted by means of a socket, is not alone such an improvement as may be patented.

LOWELL, J.    Clark R. Shelton's patent, now the property of the plaintiffs, is re-issue No. 7382, for an improvement in whip tips.    The specification represents that driving whips, especially long whips without a lash, are expensive, and frequently broken or frayed out at the tip end, and that several inconvenient and imperfect devices have been resorted to for repairing them.    The patented improvement is to make a whip tip independent of the stock, and providing it with a socket which may be fitted to the stock.    The particular mode described, which is mentioned as one of many possible modes, is to make a screw-thread on the inside of the socket of the tip, whereby the tip can be readily screwed upon the stock, and again removed at pleasure.    The first claim is: "As a new article of manufacture, a whip tip provided with a socket, so as to be attached to the stock proper, as and for the purposes set forth."

The defendants make and sell a whip tip constructed after the patent of Edward B. Light, No. 154,876, which has a socket or ferrule, which fits the stock, and, instead of the screw-thread, the metallic ferrule has certain pieces partly

cut out in such a form that they may be pressed or hammered into the stock and hold it like dogs. In the Light patent they are called hook-shaped teeth, formed out of the ferrule.

The idea of making a separate tip for whips belongs to Shelton, and has been found to work a great improvement in the trade. The idea is borrowed by the defendants, and, if the plaintiffs can hold a broad claim for the independent tip, there is no doubt of the infringement. It is in evidence, and is well known, that fishing rods had been made in sections before the invention of Shelton, and the tips of these rods were so made with sockets as to be fitted to or removed from the next joint, at pleasure. These sockets were not usually fastened with a screw-thread, and I doubt if any were so fastened in the mode of the patent before its date. The joints which came together were so nicely fitted by their ferrules that they were held for a practically useful purpose by adhesion or friction. Before the date of the patent, whips had been made in sections by a traveling agent, not, however, for sale in that form, but for convenience of packing in a trunk. The plaintiff's expert testifies that a sample of these sectional whips would not work well, because the parts were so loosely united that the tip would come off when a smart blow was struck. This is a matter of adjustment. There can be no doubt, I suppose, that a whip tip might be united to the stock in a useful way after the old fashion of the fishing rod.

These being the facts, although the merits of the adoption of this form of manufacture in the trade is great, I feel constrained by the authorities to hold that the patent is for little more than the application of an old art to a new use analogous to that of making fishing rods. To sustain the patent, therefore, it must be confined to the particular improvement of the screw-thread; and, so construed, I do not find it infringed by the defendants.

Bill dismissed, with costs.